UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
PEAR THERAPEUTICS, INC.,        )
        Plaintiff,              )        Case No.
                                )
v.                              )        (Suffolk Superior Court C.A. No.
                                )        SUCV2018-02555-BLS1)
DROR BEN-ZEEV,                  )
        Defendant.              )
                                )
_____)
```

## **DEFENDANT'S NOTICE OF REMOVAL**

The Defendant, Dr. Dror Ben-Zeev, hereby removes the above captioned civil action

from the Suffolk Superior Court to the United States District Court for the District of

Massachusetts.

1.      Basis of Removal.  This is a civil action over which this Court has original jurisdiction

pursuant to 28 U.S.C. § 1332, and the action is removable to this Court pursuant to 28 U.S.C. §§

1441 and 1446.

2.      Diversity of Citizenship.  The parties to this action are diverse.  The plaintiff in this

action, Pear Therapeutics, Inc. ("Pear"), is a Delaware corporation with its principal place of

business in Boston, Massachusetts.  The Defendant Dr. Ben-Zeev is a resident of the state of

Washington.

3.      Nature of the Case.  This case concerns an agreement between Pear and Dr. Ben-Zeev in

which Dr. Ben-Zeev granted a limited non-exclusive license to Pear to develop and

commercialize Dr. Ben-Zeev's innovative software application called FOCUS to assist in the

treatment of certain mental health conditions, including schizophrenia (the "License

Agreement"). Because of Pear's material breaches of the License Agreement, Dr. Ben-Zeev delivered to Pear his notice of termination of the License Agreement. Complaint, ¶ 14 (*See* Exhibit A, attached hereto). In the Complaint, Pear seeks declaratory judgment that the notice of termination was ineffective on the ground that Pear is not in material breach of the License Agreement.

4.      <u>Amount in Controversy</u>.  The amount in controversy in the Action substantially exceeds the $75,000 jurisdictional threshold. In a case seeking declaratory relief, "the amount in controversy 'is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend.'" *Kurra v. Synergy Computer Solutions, Inc.,* 2016 U.S. Dist. LEXIS 127248, *11-*12 (D. Mass. 2016) (quoting *CE Design Ltd. v. Am. Econ. Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014)). This value, in turn, is determined from "the viewpoint of the plaintiff." *Id.* at *11. In this case, the amount in controversy is the value of the License Agreement to Pear which it seeks to declare not terminated. This value greatly exceeds $75,000. As Pear itself alleges, "[i]n reliance on the rights and license provided in the License Agreement, Pear has invested substantial time, money and resources into developing Integrated Products as contemplated by the License Agreement." Complaint, ¶ 8. Indeed, the great value of the License Agreement is reflected by the fact that Pear has already entered into another agreement with "a major third party pharmaceutical company" to develop its Integrated Products "into a clinically validated, digital therapeutic . . . ." Complaint, ¶ 9. Further, this collaboration is already well underway as a clinical trial is scheduled to begin before the end of the year. Complaint, ¶ 10. The value of the License Agreement to Pear can also be measured by the remuneration that it is receiving from the third party pharmaceutical company with which it is collaborating in the commercial development of FOCUS. Even before the clinical trial has

begun, Pear has already received sums from the pharmaceutical company exceeding $75,000. Pear stands to receive substantial additional remuneration, all of which is dependent on the License Agreement not being terminated.

5.      Timeliness of Removal.  Defendant Dr. Ben-Zeev received a copy of the complaint on August 22, 2018.  This Notice of Removal is filed within thirty days of receipt of the complaint. *See* 28 U.S.C. § 1446(b).

6.      Pleadings and Filings to Date.  The following pleadings and filings encompass all of the documents received by the Defendant in this matter to date:

- Complaint (including Exhibits A and B thereto), Civil Action Cover Sheet, Motion for Appointment of Process Server, Notice of Acceptance into Business Litigation Session, and Summons, attached hereto as Exhibit A.

- Assented-To Motion for Extension of Time to File Answer or Responsive Pleading, attached hereto as Exhibit B.

7.      Concurrent Notice to Suffolk County Superior Court.  Defendant is concurrently filing a copy of this Notice of Removal with the Clerk of the Suffolk County Superior Court pursuant to 28 U.S.C. § 1446(d).

Dated this 14th day of September, 2018

Defendant,
Dr. Dror Ben-Zeev
By his Attorneys,


/s/ Ben N. Dunlap

Nancy Reimer BBO #555373
nancy.reimber@leclairryan.com
Ben N. Dunlap BBO #661648
ben.dunlap@leclairryan.com
LeClair Ryan, *A Professional Corporation*
60 State Street, 23rd Floor
Boston, MA  02109
Tel:  617-502-8200
Fax: 617-502-8259

Of Counsel:
Marc C. Levy (pro hac vice forthcoming)
Seed IP Law Group LLP
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Tel: 206-622-4900
Fax: 206-682-6031
Email: marcl@seedip.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2018 a copy of the foregoing Notice of Removal was filed electronically and served on all persons registered with the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.  A copy was served by e-mail and U.S. Mail on counsel for the plaintiff:

Michael P. Boudett
Richard G. Baldwin
FOLEY HOAG LLP
115 Seaport Boulevard
Boston, MA  02210
mboudett@foleyhoag.com
rbaldwin@foleyhoag.com

/s/  Ben N. Dunlap
_____
Ben N. Dunlap

6392984_1.doc